UNITED STATES of America,
Plaintiff–Appellee,

v.

Connie C. ARMSTRONG,
Defendant–Appellant.

No. 91–1413

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1992.

Rehearing Denied Feb. 11, 1992.

CLARK, Chief Judge:

## I.

Connie C. Armstrong appeals the district court's denial of his application for post-conviction relief pursuant to 28 U.S.C. § 2255. We affirm.

## II.

Connie C. Armstrong, along with several co-defendants, was charged in a 14 count superseding indictment with participation in a money laundering scheme involving failure to file and filing false Currency Transactions Reports in violation of 31 U.S.C. §§ 5313 and 5322, 31 C.F.R. §§ 103.22 and 103.26, and 18 U.S.C. § 2. Count 10 charged Armstrong and his co-defendant Tom Crouch of knowingly and willfully failing to file and causing failure to file a Currency Transaction Report. The evidence presented in the partially-completed trial establishes that Amado Hernandez was an undercover IRS agent introduced to Armstrong, the Chairman of the Board of Premier Bank. Hernandez was posing as a money manager for drug dealers. Tapes of conversations including Hernandez and Armstrong demonstrate that Hernandez repeatedly told Armstrong that he was looking for ways to "wash" drug money. The evidence also established that Armstrong and Hernandez discussed exchanging cashier checks.

On December 18, 1986, Crouch, Hernandez and Armstrong allegedly met; Crouch and Hernandez exchanged a cashier's check worth $150,000 for cash plus commission. This is the transaction giving rise to Count 10 of the superseding indictment.

After three and one-half days of trial testimony, Armstrong and Crouch agreed to plead guilty to Count 10 in exchange for the dismissal of the remaining counts in the original and superseding indictments. The district court sentenced Armstrong to two years imprisonment, fined him $100,000 and assessed him $50.

Armstrong did not appeal his conviction or sentence. He filed a motion to reduce his sentence, which the district court de-

Connie C. Armstrong, pro se.

Delonia A. Watson, Asst. U.S. Atty. and Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

nied. He then filed a motion for post-conviction relief, pursuant to 28 U.S.C. § 2255. On January 9, 1989, the district court ordered the United States Attorney to file a response within 60 days. The response was filed March 24th. The magistrate judge entered findings, conclusions and a recommendation against granting relief in January 1991. In February 1991, the district court adopted these findings, overruled Armstrong's objections, denied Armstrong's request for reconsideration, and entered judgment dismissing Armstrong's motion on the merits. Armstrong appeals.

### III.

On appeal Armstrong raises four issues. First, Count 10 of the indictment is fundamentally defective. Second, the evidence is insufficient to support his guilty plea. Third, the Presentence Investigation Report (PIR) contains uncorrected misinformation and the district court failed to make specific findings required by Fed.R.Crim.P. 32. Fourth, Armstrong was denied effective assistance of counsel at trial.

### A. Count 10

Armstrong contends that Count 10 of the indictment is fatally defective because it failed to allege that Armstrong was a "financial institution" within the meaning of the statute, or that he and/or Crouch were required by law to file a Currency Transaction Report. Further, the indictment does not allege that the $150,000 transaction would require a financial institution to file such a report. Count 10 of the indictment reads as follows:

> On or about December 18, 1986 ... CONNIE C. ARMSTRONG and THOMAS CROUCH, defendants, knowingly and willfully failed to file and caused the failure to file with the Internal Revenue Service, a Currency Transaction Report ... in connection with the receipt, exchange and transfer of United States currency in excess of ten thousand dollars ($10,000.00), that is one hundred fifty thousand dollars ($150,000.00) in United States currency, which offense was committed as part of a pattern of illegal activity involving transactions of more than one hundred thousand dollars ($100,000.00) in a twelve month period.

> A violation of Title 31, United States Code, Section 5313 and 5322; and Title 31 Code of Federal Regulations, Sections 103.22 and 103.26; and Title 18, United States Code, Section 2.

■ A claim that an indictment is so deficient as to deprive the convicting court of jurisdiction is an issue that is cognizable under a § 2255 motion. *United States v. Prince*, 868 F.2d 1379, 1383 (5th Cir.), *cert. denied*, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). A guilty plea does not bar this claim. *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir.1980), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 455, 74 L.Ed.2d 608 (1982). However, "when the attack on an indictment is collateral as well as new, as when first raised in a § 2255 habeas petition, the appellate court can consider the challenge only in exceptional circumstances." *Prince*, 868 F.2d at 1384. In such cases, the indictment is entitled to liberal review in favor of the government and will be held sufficient if "by any reasonable construction" it is understood to charge an offense. *Id.*

■ Section 5313(a) requires a domestic financial institution to file a Currency Transaction Report for any transaction involving the payment, receipt or transfer of currency in any amount or denomination and under any circumstances prescribed by regulation. 31 U.S.C. § 5313. The applicable regulations define a "financial institution" and require the reporting of any transactions in excess of $10,000. 31 C.F.R. §§ 103.11, 103.22 and 103.26. Section 5322(b) provides the criminal penalties for willful violation of § 5313 while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12–month period. 31 U.S.C. § 5322.

"An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in

bar of future prosecutions for the same offense." *United States v. Gordon,* 780 F.2d 1165, 1169 (5th Cir.1986) (citing *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). "The language used must be sufficient to inform the accused of the specific offense with which he is charged." *Id.* at 1170. The indictment need not supply the defendant with the evidentiary details by which the government plans to prove its case. *Id.* at 1172.

Whether Armstrong and his co-defendant constituted "financial institutions" as encompassed by the statute and regulations, whether the defendants were required by law to file a Currency Transaction Report, and whether the transaction at issue required that such a form be filed are evidentiary issues rather than elements of the offense as charged. The language of the indictment includes references to the applicable statutes and regulations, alleges the elements of the offense charged, and clearly protects Armstrong against future prosecution. It is therefore sufficient.

## B. Sufficiency of the Evidence

■ Armstrong next alleges that there was insufficient evidence to support his guilty plea. A court cannot accept a plea of guilty unless it is satisfied that there is sufficient factual basis for the plea. *United States v. Oberski,* 734 F.2d 1030, 1031 (5th Cir.1984) (citing FED. R.CRIM.P. 11(f)). "The purpose underlying this rule is to protect a defendant who may plead with an understanding of the nature of the charge, but 'without realizing that his conduct does not actually fall within the definition of the crime charged.'" *Id.* (quoting *United States v. Johnson,* 546 F.2d 1225, 1226–27 (5th Cir.1977)). The factual basis must appear in the record and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal. *Id.* at 1031. The district court's acceptance of a guilty plea is a factual finding reviewable under the clearly erroneous standard. *Id.*

■ Relief from a formal or technical violation of Rule 11 is not available under a § 2255 collateral attack. *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979). This circuit has held that § 2255 relief for a violation of Rule 11 is available only upon a showing of prejudice by the defendant. *United States v. Patterson,* 739 F.2d 191, 193 (5th Cir.1984). It would be prejudicial to Armstrong if he entered a plea of guilty to a crime which, based on the facts developed in the record, he did not actually commit. *See generally United States v. Briggs,* 939 F.2d 222, 228 & n. 18 (5th Cir.1991) (en banc).

■ Armstrong's argument on this issue tracks his argument on the previous issue. He protests that the information included in the factual resume does not indicate that he was a "financial institution," as defined by the statute and regulation, nor does the factual resume detail the alleged activities that establish a pattern of illegal activities.

Section 5312 defines a "financial institution" as, among other things: a private banker; an investment banker or investment company; an issuer, redeemer, or cashier of traveler's checks, checks, money orders, or similar instruments. 31 U.S.C. § 5312(a)(2)(C), (I) and (K). Further, 31 C.F.R. § 103.11(i) defines the term as "[e]ach agent, agency, branch or office within the United States or any person doing business, whether or not on a regular basis or as an organized business concern, in any one or more of the capacities listed below: ... (1) [a] bank ... (3) [a] currency dealer or exchanger, including a person engaged in the business of a check casher; (4) [a]n issuer, seller, or redeemer of traveler's checks or money orders...."

The factual basis on which the guilty plea is based must appear "in the record," not necessarily only in the factual resume that accompanies the guilty plea. *See Oberski,* 734 F.2d at 1031. Armstrong entered his guilty plea after the court had the benefit of three and a half days of testimony, including lengthy tape recorded conversations describing his activities. Armstrong indicated (in taped conversations)

that he could exchange cash for checks through the bank; that although he was not a paid officer, he was Chairman of the Board of the bank; and, according to the factual resume, on at least one occasion he did transfer a $150,000 money order for $150,000 cash. Armstrong's currency transfer, exchange and receipt activities fell under the category of financial activities within the ambit of the definition of a "financial institution" in 31 U.S.C. § 5312 and 31 C.F.R. § 103.11. He therefore fits the statutory definition of a "financial institution," and as such was required to file a Currency Transaction Report for the currency transfers identified.

The trial testimony further indicates that Armstrong was well aware of the reporting requirements. The factual resume coupled with trial evidence indicates that on more than one occasion, Armstrong arranged for or agreed to the exchange of $100,000 money orders bearing false names for $100,000 cash deposited into accounts opened under false names and that he assisted in money laundering activities using accounts opened under false names.

In the factual resume, Armstrong admitted that on a specific date he knowingly and willfully failed to file with the IRS a Currency Transaction Report in connection with the transfer of U.S. currency in the amount of $150,000. Armstrong further admitted that he committed the offense as a part of a pattern of illegal activity involving transactions of more than one hundred thousand dollars in a twelve month period.

Armstrong was a "financial institution" as statutorily defined, his violation of the reporting requirements was willful and knowing, the transaction was in excess of $10,000 and was part of a pattern of illegal activity involving more than $100,000 in a 12–month period. The district court's determination that Armstrong's guilty plea is supported by the factual evidence is not clearly erroneous.

*C. Presentence Investigation Report and Ineffective Assistance of Counsel*

Armstrong's last two claims of incorrect information in the PIR and inef-

fective assistance of counsel were not raised in the § 2255 motion. Instead, Armstrong first argued these issues in his objections to the magistrate judge's findings, conclusions and recommendations. These issues were not properly before the district court, therefore this court will not address them. *See United States v. Colon–Padilla,* 770 F.2d 1328, 1334 n. 6 (5th Cir.1985). Because the government had filed its responsive pleading, albeit late, Armstrong had no right to amend his pleadings without leave of court, which he did not seek. *See Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983). Moreover, a Rule 32(c)(3)(D) claim, regarding the PIR, is cognizable either on direct appeal or on a Rule 35 motion, but not on a § 2255 motion for postconviction relief. *United States v. Smith,* 844 F.2d 203, 207 (5th Cir.1988).

## IV.

The judgment of the district court is AFFIRMED.