## UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT
_____

### No. 99-40346
_____

### RICARDO N. ADOBBATI,

**Plaintiff-Appellant,**

**versus**

### GUARDIAN LIFE INSURANCE COMPANY OF AMERICA; MORELAND, BLACK & MANNING, INC.; DONALD BLACK,

**Defendants-Appellees.**

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (B-97-CV-178)
_____

### April 14, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether the district court, having dismissed with prejudice Ricardo N. Adobbati's state law claims as preempted under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a), 1144(a), should have granted him leave to amend his complaint to assert an ERISA claim. We **AFFIRM** in **PART**; **REVERSE** in **PART**; and **REMAND**.

                              I.

In January 1997, Adobbati filed suit in Texas state court against Guardian Life Insurance, Moreland, Black & Manning, Inc., and Donald R. Black (Appellees), claiming breach of contract,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fraud, and other state law violations in connection with a "vanishing premiums" life insurance policy. Adobbati had purchased the policy, on Black's recommendation, in 1988, on behalf of an ERISA plan in which he and his medical office employees were participants (ownership of the policy was converted to him when the plan was terminated). But, the complaint made *no* reference to the plan.

In interrogatory responses, served on Appellees on 7 August 1997, Adobbati stated for the first time that the policy was obtained through the plan. On 18 August, Appellees filed notice of removal, asserting a federal question under ERISA. Adobbati moved to remand, claiming removal was untimely and ERISA inapplicable.

In his April 1998 report and recommendation, the magistrate judge concluded: the removal *was* timely, because Adobbati's discovery responses were the first "other paper" he submitted indicating his claims were removable; and ERISA preempted his state law claims. That July, the district court adopted the recommendation and denied remand.

Pursuant to FED. R. CIV. P. 12(b)(6), Appellees moved, based on ERISA preemption, to dismiss Adobbati's claims. In opposition, he continued to assert ERISA was inapplicable, but, alternatively, requested leave to replead under ERISA *if* the court found preemption:

> ... [Adobbati] should be given the opportunity to replead pursuant to the federal rules within the doctrine of ERISA as it is clear a claim exists against [Appellees] under same. The dispute to date has not been whether the suit filed presents the

availability of a claim but rather what is the applicable law. Although [Adobbati] believes a state cause of action would be proper for his claims, clearly another avenue available to him would be to pursue this claim under ERISA and the applicable statutes.

In December 1998, the magistrate judge recommended dismissal, but did so without addressing the request to replead under ERISA. Adobbati's objections to this recommendation included the following:

**AMENDMENT OF COMPLAINT**

16. As previously indicated in [Adobbati's] Response to [Appellees'] Motion to Dismiss, by admission of [Appellees], there exist ERISA claims in this matter and as such it would be incorrect to dismiss the claims brought by [Adobbati], but rather [Adobbati] should be allowed the opportunity to replead and amend the Complaint to state a cause of action under ERISA.

....

... [Adobbati] hereby requests that this court make a final determination ERISA is not applicable to the case at bar, and that this case be remanded to State Court .... In the alternative, and without waiving the above, that [Adobbati] be provided with the opportunity to amend the complaint pursuant to the case law stated in order to assert those causes of action available to [Adobbati] under ERISA.

In January 1999, the district court granted the motion to dismiss, summarily adopting the magistrate judge's recommendation. It did *not* address Adobbati's request/objection concerning amendment. The action was dismissed with prejudice.

II.

- 3 -

Adobbati contends:  removal was *not* timely; ERISA does *not* preempt his claims; and he should have been allowed to amend.

A.

The removal issue is based on the contention Appellees had knowledge of the policy's relationship to the ERISA plan prior to the complaint being filed.  Having reviewed the remand-denial *de novo*, **Leffall v. Dallas Ind. Sch. Dist.**, 28 F.3d 521, 524 (5th Cir. 1994), removal was timely under the "other paper" rule.  *E.g.,* **Chapman v. Powermatic, Inc.**, 969 F.2d 160, 163-64 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993).

B.

The ERISA issue is based on Adobbati's *not* seeking to recover ERISA benefits or enforce ERISA rights.  He acknowledges, however, that the ERISA plan was the original purchaser and beneficiary of the policy at issue.  Based upon our *de novo* review of the ERISA-preemption determination, **McClelland v. Gronwaldt**, 155 F.3d 507, 511 (5th Cir. 1998), and Rule 12(b)(6) dismissal, **Beanal v. Freeport-McMoran, Inc.**, 197 F.3d 161, 164 (5th Cir. 1999), ERISA completely preempted Adobbati's state law claims.  *See* **McClelland**, 155 F.3d at 512-13.

C.

As noted, in summarily adopting the report and recommendation, the district court did *not* address allowing Adobbati to replead under ERISA, rather than dismissing with prejudice.  Denial of a motion to amend the complaint is reviewed for abuse of discretion. *E.g.,* **Jacobsen v. Osborne**, 133 F.3d 315, 318 (5th Cir. 1998).

- 4 -

Leave to amend should be freely granted "when justice so requires". FED. R. CIV. P. 15(a); *Jacobsen*, 133 F.3d at 318.

Appellees respond that such dismissal was proper, because Adobbati failed to move to amend or submit a proposed amended complaint. They assert also that amendment would be futile, claiming the ERISA limitations period has run.

Despite the lack of a formal motion, the court should have allowed Adobbati to amend, in the light of his making that request in his response to Appellees' motion to dismiss, and repeating it in his objections to the report and recommendation regarding that motion. In short, "justice so requires".

Because Appellees raised the limitations issue for the first time in response to Adobbati's objections to the report, and it was *not* considered by the district court, the issue is *not* before us. *Cf. United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). On remand, Adobbati's amendments will "relate back" to the date of his original complaint, pursuant to Rule 15(c)(2). *See Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Nevertheless, Appellees are *not* precluded from thereafter raising their limitations defense. Of course, we express *no* opinion concerning its merits.

## III.

For the foregoing reasons, we **AFFIRM** in **PART**; **REVERSE** in **PART**; and **REMAND** for further proceedings consistent with this opinion.

*AFFIRMED IN PART; REVERSED IN PART; AND REMANDED*