**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 99-50028

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MAURICIO JOE HERNANDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(SA-94-CR-73-ALL-HG)

---

May 5, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The issues presented in this appeal by Hernandez from the district court's denial of his § 2255 motion are whether he properly raised a claim in the district court that he was deprived of his right to appeal due to ineffective assistance of counsel and, if so, whether he is entitled to relief on this claim.

The petitioner, in the general factual background of the § 2255 form he filed in the district court, represented that he did

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not file a direct appeal.  He explained that his attorney told him he could not do so.  However in question 12 of the form, which directs the prisoner to state "every ground on which you claim that you are being held unlawfully", Hernandez did not allege that his failure to appeal was caused by advice he received from counsel. This question is preceded by a number of specific admonitions warning that the prisoner "may be barred from presenting additional grounds at a later date."  The form even includes frequently raised grounds for § 2255 relief including "(i) Denial of effective assistance of counsel" and "(j) Denial of right of appeal."

Under our case law, Hernandez' ineffective assistance claim--presented in his objection to the magistrate judge's report--was not properly presented to the district court.  Presenting a new claim in the prisoner's response to the magistrate judge's report did not place this issue before the district court.  Because the issue was not before the district court, this court will not address it.   United States v. Armstrong, 951 F.2d 626 (5th Cir. 1992).

For these reasons, the judgment of the district court is AFFIRMED.