United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30091
Summary Calendar

RONNIE M LYLES

Plaintiff - Appellant

v.

MARY ANN VIAL LEMMON, SEACOR MARINE, INC, WILLIAM B SCHWARTZ,
AMANDA L CALOGERO, JOSEPH OUBRE, OMALEE GORDON, LARRY DYESS,
CHRISTOPHER B EDWARDS, FERDINAND J KLEPPNER, ERIC J PEARSON

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-2470-M
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ronnie M. Lyles, Louisiana prisoner #102175, has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal. The district court denied Lyles's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Lyles is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Assuming this court would consider Lyles's 42 U.S.C. § 1985(3) claim, which was raised for the first time in his objections to the magistrate judge's report, such a claim requires proof of a conspiracy "motivated by racial or some other type of invidious, class-based" distinction. See Holdiness v. Stroud, 808 F.2d 417, 424 (5th Cir. 1987); see also United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). Although Lyles makes mention of his race and claims that his arrest effectively made him a slave, he did not raise these allegations in the district court. In addition, with the exception of his claim of the denial of medical care, the remaining "constitutional rights" which were allegedly violated were not alleged in the district court. We will not consider these allegations and arguments for the first time on appeal. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999); Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

With one exception noted hereafter, Lyles does not address the myriad reasons given by the district court for its conclusion that his 42 U.S.C. § 1983 claims were frivolous or malicious. Accordingly, any challenge to the reasons for the district court's dismissal of his 42 U.S.C. § 1983 suit has been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Moreover, Lyles's conclusory and unsupported allegations on appeal do not demonstrate that any action taken by Judge Lemmon in connection with a previous civil case filed by Lyles

against Seacor Marine Inc. was outside the scope of her customary judicial duties. See Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

The instant appeal is without arguable merit and is thus frivolous. Accordingly, Lyles's request for IFP status is DENIED, and his appeal is DISMISSED. See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2. Lyles is cautioned that the dismissal of his 42 U.S.C. § 1983 suit by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B) and our dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Lyles is also cautioned that if he accumulates three strikes under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.