# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2010

No. 08-40842
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

STEWART ROLAND NUZZI,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 4:01-CR-72-1 & 4:04-CV-41

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Stewart Roland Nuzzi, federal prisoner # 09325-078 appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his convictions for conspiracy to possess with intent to distribute methamphetamine, possession with the intent to distribute methamphetamine, using or carrying a firearm in connection with a drug-trafficking offense, and possession of a firearm by a user of illegal drugs. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40842

**I**

In 2001, Nuzzi and James Edward Taylor were charged in a seven-count indictment with violations of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §§ 924(c)(1), 922(g)(3). Nuzzi's case proceeded to trial, but after the jury was selected and sworn, Nuzzi's counsel informed the trial court that Nuzzi wished to plead guilty to two counts of the indictment. Nuzzi was then re-arraigned in the presence of the jury, but the court failed to conduct a colloquy as required under Federal Rule of Criminal Procedure 11. Nuzzi entered not guilty pleas to Count One, which charged him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, and Count Four, which charged him with using or carrying a firearm in connection with a drug trafficking offense. He pleaded guilty to Count Two, which charged him with possession with the intent to distribute 98 grams of a mixture or substance containing methamphetamine, and Count Five, which charged him with possession of a firearm by a user of illegal drugs.

The court accepted Nuzzi's guilty pleas, and the case proceeded to trial on the other counts. The jury found Nuzzi guilty of Counts One and Four. The district court sentenced Nuzzi to 168 months of imprisonment on Counts One and Two, and 120 months on Count Five, all to run concurrently, plus 60 months on Count 4, to run consecutively to the other three. Nuzzi appealed, claiming that the evidence was insufficient to sustain his conviction for possession of a firearm during a drug trafficking offense. On November 13, 2002, this court affirmed.

Nuzzi timely filed a motion under § 2255 to vacate, set aside, or correct his sentence. The district court denied the motion as well as Nuzzi's subsequent Certificate of Appealability (COA). We granted COA on two issues: (1) whether the trial court erred in failing to conduct a colloquy as required by Rule 11 and

No. 08-40842

(2) whether Nuzzi's trial counsel was ineffective for failing to object to the trial court's noncompliance with Rule 11.

## II

In an appeal from a § 2255 proceeding, we review the district court's findings of fact for clear error and its legal conclusions de novo.[1]

## A

Nuzzi first contends that the district court erred in failing to conduct a plea colloquy as required by Rule 11. Nuzzi did not raise this issue in his direct appeal, and thus his claim would typically be procedurally defaulted absent a showing of "cause" and "prejudice."[2] However, "[t]o invoke the procedural bar . . . the government must raise it in the district court."[3] Since the Government did not raise the procedural bar in district court with regard to Nuzzi's Rule 11 claim, it has waived the issue.

Rule 11 lists specific items that must be addressed during a plea colloquy.[4] Relief from a violation of Rule 11 is available in a § 2255 collateral attack only upon a showing of prejudice by the defendant.[5] The defendant must show that the alleged error "was inconsistent with the rudimentary demands of fair procedure or constituted a complete miscarriage of justice."[6] The defendant might establish prejudice by showing that "he entered a plea of guilty to a crime

---

[1] *United States v. Willis,* 273 F.3d 592, 595 (5th Cir. 2001).

[2] *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

[3] *United States v. Drobny*, 955 F.2d 990, 995 (5th Cir. 1992).

[4] F ED. R. CRIM. P. 11(b).

[5] *United States v. Armstrong*, 951 F.2d 626, 629 (5th Cir. 1992).

[6] *United States v. Vonn*, 535 U.S. 55, 64 (2002) (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)) (internal quotation marks omitted).

No. 08-40842

which, based on the facts developed in the record, he did not actually commit"[7] or that "'if he had been properly advised by the trial judge, he would not have pleaded guilty.'"[8] But "[a] defendant will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255."[9]

Although the record reflects that the district court failed to follow the plea colloquy procedure in Rule 11, Nuzzi has not shown that he was prejudiced by this failure. He has not asserted that he is innocent, and the evidence adduced at trial on the two related charges shows that there was extensive evidence of his guilt. In addition, Nuzzi has not shown that if the proper procedure had been conducted he would have entered a not-guilty plea. Consequently, the district court did not err in rejecting this claim.

**B**

Nuzzi next argues that his trial counsel's failure to object to the Rule 11 violations constitutes ineffective assistance of counsel. To establish ineffective assistance, a defendant must demonstrate that his counsel's performance was deficient and prejudiced the defense.[10] To establish deficient performance, Nuzzi must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[11] In the context of a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[12] The defendant "must show that there is a reasonable probability that, but for

---

[7] *Armstrong*, 951 F.2d at 629.

[8] *Peguero v. United States*, 526 U.S. 23, 28 (1999) (quoting *Timmreck*, 526 U.S. at 784).

[9] *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004).

[10] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[11] *See id.* at 689.

[12] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[13]

Without deciding whether counsel's performance was deficient, we conclude that Nuzzi has not made a showing that he was prejudiced by his counsel's alleged error. Nuzzi has not asserted that he would have otherwise pleaded not guilty to the relevant charges. Nor has he shown that counsel's failure to object to the Rule 11 errors influenced the outcome of the jury's verdict on the other counts. Accordingly, Nuzzi has failed to establish ineffective assistance of counsel.

*       *       *

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[13] *Id.*