# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 10-30276
Summary Calendar

Lyle W. Cayce
Clerk

RONNIE M. LYLES,

Plaintiff-Appellant

v.

MARY ANN VIAL LEMMON; KAREN WELLS ROBY; PETER BEER; JOSEPH
C. WILKINSON, JR.; SALLY SHUSHAN; SEACOR MARINE, INC.; WILLIAM
B. SCHWARTZ; LAW FIRM OF BURKE & MAYER; CHRISTOPHER B.
EDWARDS; LAW OFFICES OF CHRISTOPHER B. EDWARDS; FERDINAND
J. KLEPPNER; LAW OFFICES OF FERDINAND J. KLEPPNER; JOHN G.
DERUSSY; LAW OFFICES OF JOHN G. DERUSSY; ERIC J. PEARSON; RUSH
FOUNDATION HOSPITAL, Director; NEWELL NORMAND; PAUL D.
CONNICK, JR.; MS. AMY; CHARLES B. PLATTSMIER; TIMOTHY J.
PALMATIER; JAMES M. LEBLANC; JAMES CALDWELL, also known as
Buddy; MICHAEL MUKASEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4127

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30276

Ronnie M. Lyles, Louisiana prisoner # 102175, appeals the dismissal with prejudice of his civil rights complaint against various defendants who allegedly conspired to violate his constitutional rights in connection with a previous civil suit he filed against his former employer, Seacor Marine Inc. ("Seacor"), and in connection with his arrest and convictions for two counts of indecent behavior with a juvenile.  The district court found that Lyles was prohibited from proceeding in forma pauperis (IFP) in connection with his civil rights suit because he had three strikes under 28 U.S.C. § 1915(g) and he failed to show he was in imminent danger of serious physical injury.  The district court also noted that various judges and other named defendants were absolutely or qualifiedly immune.

On appeal, Lyles argues the merits of his Seacor-related claims and claims related to his convictions.  He asserts that he was not barred from proceeding IFP in the district court under § 1915(g) because he does not have three strikes, and, alternatively, because "the risk of future injury" in his case is sufficient to satisfy the imminent danger exception to § 1915(g).  *See* § 1915(g).  He argues that the district court's findings that he had three strikes and that the defendants were immune from suit were not based upon the evidence and were clearly erroneous.

The district court correctly concluded that Lyles could not proceed IFP in connection with his civil rights suit because he has three strikes under § 1915(g), and he failed to establish that he was under imminent danger of serious physical injury.  *See* § 1915(g); *Lyles v. Oubrey*, No. 03-1623 (E.D. La. 2003); *Lyles v. Lemmon*, No. 04-2470 (E.D. La. 2004); and *Lyles v. Lemmon*, No. 05-30091 (5th Cir. 2006).  In addition, Lyles makes only conclusory and speculative arguments that Judge Lemmon and "her co-defendants" are not immune from suit because they conspired to violate his constitutional rights.  Accordingly, Lyles has not shown that the district court erred in finding that certain defendants were

2

No. 10-30276

absolutely or qualifiedly immune.  The district court's dismissal with prejudice of Lyles's civil rights suit is AFFIRMED.

As Lyles has accumulated more than three strikes under § 1915(g), he is BARRED under § 1915(g) from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 1915(g).  Lyles is CAUTIONED that additional frivolous or duplicitous pleadings in this court or any other court subject to this court's jurisdiction will result in the imposition of further sanctions, including monetary sanctions.