# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 30, 2013

No. 12-31033
Summary Calendar

Lyle W. Cayce
Clerk

IN RE: LUCIOUS GORDON,

Movant

Motion for an order authorizing the
United States District Court for the
Eastern District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lucious Gordon, Louisiana prisoner #131312, has filed a motion for authorization to file a successive application for a writ of habeas corpus. For the following reasons, we deny his motion as unnecessary.

## FACTS AND PROCEDURAL HISTORY

In 1998, a jury convicted Gordon of possessing heroin. Gordon was sentenced to life in prison as a habitual offender. Gordon's conviction and sentence were affirmed on direct appeal, and the Louisiana Supreme Court declined review. Gordon then sought post-conviction relief in the state courts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31033

and was denied.

In 2004, Gordon filed an application under 28 U.S.C. § 2254 in federal district court. He alleged (1) the State illegally used peremptory challenges to exclude jurors on the basis of race; (2) evidence was improperly admitted at trial; (3) he received ineffective assistance of counsel; and (4) he was wrongly adjudicated a habitual offender. The district court denied the application in November 2006. This court dismissed Gordon's appeal as untimely in August 2007.

While that federal litigation was proceeding, the Louisiana legislature amended the statute under which Gordon was sentenced. That amendment was prospective only, but the legislature later made the more lenient penalty provisions retroactive. *See* LA. REV. STAT. § 15:308,[1] effective May 16, 2006.

---

[1] Section 15:308 provided:

A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.

(2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.

B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: . . . R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii) . . . prior to June 15, 2001, provided that such application ameliorates the person's circumstances.

C. Such persons shall be entitled to apply to the Louisiana Risk Review Panel pursuant to R.S. 15:574.22.

Subsection C has been repealed. 2012 La. Sess. Law Serv. 123 (West).

No. 12-31033

In May 2006, Gordon filed a motion in the state district court, arguing that his sentence should be reduced according to Section 15.308. In July 2006, the state district court denied the motion without a written opinion. In 2007, the Louisiana Supreme Court held that Section 15.308 did not authorize a court to reduce prisoners' sentences; instead, prisoners were required to apply to the Risk Review Panel for relief. *State v. Dick*, 951 So. 2d 124, 132-33 (La. 2007).

After the *Dick* decision was released, Gordon filed in state district court what he termed a motion to correct an illegal sentence. Gordon asserted that the Louisiana Supreme Court's *Dick* decision failed to recognize that the delegation of sentencing to the executive branch violated separation of powers and violated his rights to due process and equal protection. In July 2011, the state district court denied his motion. Gordon then appealed to the Fourth Circuit Court of Appeal, which denied relief in September 2011 based on *Dick*. In June 2012, the Louisiana Supreme Court denied relief without a written opinion. In September 2012, Gordon filed a Section 2254 application in the United States District Court for the Eastern District of Louisiana. In October, the district court held that Gordon was attempting to file a successive application. Consequently, that court transferred the case to this court so that Gordon could seek authorization to file his application. *See* 28 U.S.C. § 1631.

## DISCUSSION

An inmate seeking to file a successive Section 2254 application must first obtain an order from the relevant court of appeals authorizing its filing in district court. 28 U.S.C. § 2244(b)(3)(A). If the application is successive, the appellate court may allow the claim to proceed if it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or the facts underlying the claim were previously undiscoverable and meet certain other requirements. § 2244(b)(2). Those provisions do not apply if the petition is not actually successive. An application is successive "when it:

3

No. 12-31033

1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

We need to identify Gordon's claim before deciding whether it could have earlier been brought. His *pro se* pleadings in the district court and here are not written with much precision. We interpret *pro se* pleadings with liberality. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Gordon argues that Section 15:308 is retroactive, perhaps argues that the Louisiana Supreme Court's *Dick* decision is a new rule of constitutional law made retroactive by that court, and claims he has been denied the benefits of that new statute. In the district court, Gordon set out the Louisiana statutory change. In a lengthy attachment that he titled "Supporting Facts," Gordon set out details about his sentence, gave his understanding of why he would be entitled to a reduced sentence under the statutory change, and then claimed his sentence "does not comply with the New Amendment" and other statutory changes.

The only legal claim in these filings is that Gordon is entitled to a reduced sentence under the changes in the law in Louisiana. He does not explicitly renew the constitutional claims he made in state court about the procedure that was established (i.e., requiring resort to the Risk Review Panel). Prior to the *Dick* decision, one intermediate Louisiana court had held that applying to that panel was not the exclusive remedy for an inmate under Section 15:308; the state Supreme Court disagreed and held that only the Risk Review Panel could reduce a sentence under Section 15:308. *Dick*, 951 So. 2d at 129. In May 2012, though, the Louisiana legislature repealed the provision, Subsection C, that provided for review by the Panel. 2012 La. Sess. Law Serv. 123 (West).

It is at least clear that Gordon is making a claim that arises from Section 15:308. That section became effective on May 16, 2006. La. Rev. Stat. § 15:308. Though long before that date a magistrate judge had recommended denial of

4

Gordon's application, the district court did not adopt that recommendation until November 29, 2006.  Between May and November, Gordon might have filed for leave to amend his application, though such leave could easily have been denied.  *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).  We need not decide how this timing affects Gordon's ability to have added a claim about the new statute.  That is because everything he has filed in federal or state court indicates his challenge to Section 15:308 depends on the *Dick* decision, handed down in January 2007 after Gordon's first Section 2254 application had been denied.  In addition, any claim that it is unconstitutional to give the Risk Review Panel the sole authority over potential reductions in sentencing is affected by the legislature's repeal of that provision in 2012.  Whatever claims might exist as to those events, they did not exist prior to the time Gordon's first application was denied in November 2006.

We do not under Section 2244(b)(3)(A) determine whether an inmate has an intelligible, viable, or exhausted claim.  We only determine whether he has a successive one, and, if so, whether he may nonetheless present it in district court.  Gordon's application is not successive.  Consequently, his motion for permission to file a successive petition is DENIED as unnecessary.  Gordon may file his petition directly in the district court.