# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

JEREMIAH HALE,

Petitioner-Appellant

v.

JOSEPH P. YOUNG,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-358

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeremiah Hale, federal prisoner # 10062-003, was convicted in the Southern District of Alabama of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He filed a purported habeas petition under 28 U.S.C. § 2241 in the Western District of Louisiana, where he is incarcerated. The district court determined that the claims raised in Hale's petition arose under 28 U.S.C. § 2255, and it denied and dismissed the § 2241

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition with prejudice.  Hale filed a timely notice of appeal and requests leave from this court to proceed in forma pauperis (IFP) on appeal.

To proceed IFP on appeal, Hale must show that he is a pauper and that he will raise a nonfrivolous issue on appeal.  *See* FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  Relying upon *United States v. Meacham*, 626 F.2d 503, 507-09 (5th Cir. 1980), Hale contends that he was convicted of a nonexistent offense because his indictment alleged a conspiracy to attempt to violate 21 U.S.C. § 841.  As Hale attacked the validity of his conviction, his claim was properly construed as arising under § 2255.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Hale has not, however, established that his *Meacham*-based claim meets the requirements for being brought under § 2241 via the savings clause of § 2255(e).  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Characterizing his claim as one alleging a jurisdictional defect, Hale asserts that he may bring the claim at any time.  Although *Meacham* classified the failure of an indictment to state an offense as a jurisdictional defect, *see* 626 F.2d at 510, this court has since disavowed that classification, *United States v. Scruggs*, 714 F.3d 258, 263 (5th Cir.), *cert. denied*, 134 S. Ct. 336 (2013).  Regardless, even "[j]urisdictional claims are subject to the one-year limitations period for § 2255 claims." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).

Hale concedes that he framed his nonexistent-offense claim as a stand-alone claim in the district court for the first time in his objections to the magistrate's report and recommendation on his petition.  He argues here that the district court erred by failing to conduct a de novo review of the claim.  Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, *United States v. Armstrong*,

951 F.2d 626, 630 (5th Cir. 1992), a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading, *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  The district court's failure to specifically address Hale's claim or the issue whether he should be allowed to amend his § 2241 petition to raise the claim, along with the entry of final judgment adopting the magistrate's report and the denial and dismissal of Hale's § 2241 petition may be construed as an implicit denial of such a motion.  *See Tollett v. City of Kemah*, 285 F.3d 357, 369 n\* (5th Cir. 2002).  As the claim arose under § 2255 and could not be brought in a § 2241 petition via § 2255's savings clause, the attempt to amend was futile, and the district court did not abuse its discretion in declining to consider the claim.  *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

In light of the foregoing, Hale has identified no nonfrivolous issue for appeal.  His IFP motion is DENIED, and the appeal is DISMISSED.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.