# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 14-30520

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

SEAN MONROE,

Plaintiff-Appellant

v.

N. BURL CAIN, Warden; KENNETH NORRIS, Assistant Warden;
JONATHAN ROUNDTREE, Medical Doctor,

Defendants-Appellees

———————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-798

———————

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:*

Sean Monroe, Louisiana prisoner # 294086, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 complaint and from the certification that his appeal was not taken in good faith. He argues that the district court erred by granting summary judgment because there are six genuine issues of material fact that would preclude summary judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30520

By moving to proceed IFP, Monroe is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). This court may dismiss the appeal sua sponte under Fifth Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court draws all reasonable inferences in favor of Monroe, the nonmoving party. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013). "A genuine dispute as to a material fact exists when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, a court determines that the evidence is such that a reasonable jury could return a verdict for the party opposing the motion." *Id.*

As the district court determined, Monroe's complaints against Dr. Roundtree fail because his medical records establish that he received ongoing medical treatment for complaints of abdominal pain. *See Gobert v. Caldwell*, 463 F.3d 339, 346 n.24 (5th Cir. 2006). Neither his disagreement with the treatment he received nor his assertion that he should have undergone additional diagnostic testing and surgery gives rise to a claim of deliberate indifference. *Id.* at 346; *see Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To the extent that Monroe sought to hold Dr.

No. 14-30520

Roundtree vicariously liable, his claim is not cognizable. *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). We decline to address Monroe's challenge to the constitutionality of applying the Patient Protection and Affordable Care Act to Louisiana prisoners. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

Monroe's motion to proceed IFP is GRANTED and the judgment of the district court is AFFIRMED.