# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2024

Lyle W. Cayce
Clerk

————————

No. 23-40252
Summary Calendar

————————

Patrick Dennis Hostetter,

*Plaintiff—Appellant*,

*versus*

Aransas County; Armando Chapa; Jason Andrade;
Joshua Doane; Manuel Solis,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-182

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Patrick Dennis Hostetter, Texas prisoner # 2411349, who was a pretrial detainee at the Aransas County Detention Center (ACDC) at the time he filed his complaint, appeals from the dismissal of his pro se 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Hostetter's claims arose from allegations

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that he was involved in a van accident while being transported from the ACDC to the county courthouse. Prior to the dismissal, the magistrate judge held a *Spears* hearing to allow Hostetter to clarify his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). On appeal, Hostetter argues that the defendants were deliberately indifferent to his serious medical needs, failed to report the accident, and conspired to cover up the accident and retaliate against him.

This court reviews dismissals under § 1915(e)(2)(B) and § 1915A(b)(1) de novo, applying the same standard as when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). "[E]ven for pro se plaintiffs . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

Initially, Hostetter failed to allege the existence of an official policy, or that Aransas County was aware of a widespread or common custom, that caused his injury. *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017). Thus, he shows no error in the district court's dismissal of his municipal liability claims.

No. 23-40252

Hostetter also failed state a claim that Officers Joshua Doane and Manuel Solis were deliberately indifferent to his safety by placing him in restraints and failing to secure him with a seatbelt on the morning of the accident. To this end, in the district court, Hostetter did not allege facts showing that the officers drove recklessly or that they otherwise had knowledge of a substantial risk of harm. *See Baughman v. Hickman*, 935 F.3d 302, 307-09 (5th Cir. 2019); *Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013). As for Hostetter's allegations that Officers Doane and Solis failed to provide emergency medical treatment after the accident, he failed to sufficiently allege facts demonstrating that the officers were aware of and consciously disregarded the need for such treatment. *See Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). In this regard, his description of the accident did not indicate that it was serious, and he did not contend that he manifested any physical symptoms demonstrating a need for emergency medical treatment.

Further, Hostetter's claim that Captain Jason Andrade verbally harassed him, standing alone, did not support a viable constitutional claim. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). And Hostetter did not allege facts showing Captain Andrade interfered with his medical treatment or intended to retaliate against him for exercising a specific constitutional right. *See DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019).

To the extent Hostetter complained that Deputy Chief Armando Chapa improperly resolved his grievances, a prisoner has no federally protected liberty interest in having grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Moreover, Hostetter failed to state a claim of deliberate indifference related to Deputy Chapa's denial of his requests for a clinical evaluation and further testing. The records provided by Hostetter demonstrate that Deputy Chapa relied on Hostetter's x-ray results, which revealed no abnormalities, and the fact that he had been

3

seen by a nurse, who gave him over-the-counter medication. Further, based on the facts as alleged in the district court, Hostetter failed to state a claim that Deputy Chapa disregarded a serious medical need by interfering with his medical treatment or by denying him prescribed medication. *See Lawson*, 286 F.3d at 262.

To the extent that Hostetter properly raised a claim that the defendants denied him access to the courts by conspiring to cover up the accident and by failing to file a report about it, he did not sufficiently allege that the officers' actions impeded his ability to prepare and transmit necessary legal documents to a court, *see Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), or to raise a nonfrivolous legal claim, *see DeMarco*, 914 F.3d at 387-88.

On appeal, Hostetter also asserts new claims and factual allegations that were not raised in his complaint or at his *Spears* hearing related to Officer Doane's driving and threats made by Captain Andrade and Deputy Chapa, which Hostetter claims resulted in his medicine being taken away. Although Hostetter initially made some of these allegations in his objections to the magistrate judge's report, we will not consider them because they were not properly before the district court. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, Hostetter has failed to brief, and has thus abandoned, any argument related to the district court's denial of his requests to amend his complaint. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the foregoing reasons, the district court's judgment is AFFIRMED. As the district court explained, its dismissal of Hostetter's complaint counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015). Hostetter previously received a § 1915(g) strike based on the dismissal of another § 1983 suit. *Hostetter v. City of Corpus*

*Christi*, No. 2:17-cv-295 (S.D. Tex., Nov. 28, 2017). Hostetter is CAUTIONED that, if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).