# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50640
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2025

Lyle W. Cayce
Clerk

Larry E. Webster, Jr.,

*Plaintiff—Appellant*,

*versus*

Doctor Bala Davuluri,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-294

---

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Larry E. Webster, Jr., appeals the district court's dismissal with prejudice of his pro se complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The basis for the district court's dismissal was that Webster's claims were based on allegations of malpractice and failed to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

implicate any federal subject-matter jurisdiction. As an initial matter, we DENY Webster's motion for default judgment.

We review the dismissal of an *in forma pauperis* complaint under § 1915(e)(2)(B)(i) for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). A complaint "is frivolous if it lacks an arguable basis in law or fact." *Id*. at 734. Although Webster indicates on appeal that his amended complaint named two additional defendants—as well as alleged violations of the False Claims Act and the Health Insurance Portability and Accountability Act—these new matters were not properly before the district court because Webster no longer had a right to amend his complaint when he filed pleadings raising them for the first time. Our court has held if a pro se litigant attempts to raise new issues when the litigant no longer has a right to amend his pleadings without leave and fails to request such leave from the district court, we are not required to consider those issues as properly submitted amendments to the complaint. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Accordingly, we decline to consider those new defendants and claims. However, we construe Webster's initial objections to the magistrate judge's report as an amendment to his complaint. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

As found by the district court, Webster has not established federal subject-matter jurisdiction over his claims. Both Webster and Davuluri are Texas citizens. Although Webster on appeal characterizes his complaint as relying on 42 U.S.C. § 1983, that statute does not confer jurisdiction here because Webster is not suing a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). Webster's vague references to his Medicaid coverage and the Social Security Act likewise fail to provide any basis for federal subject-matter jurisdiction.

No. 24-50640

Accordingly, the district court's judgment is AFFIRMED.