# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2026

Lyle W. Cayce
Clerk

No. 25-20137
Summary Calendar

———————

Luke Masood Arabzadegan,

*Plaintiff—Appellant*,

*versus*

W.F. Ramsey - I Unit's Medical Department; Felicia
Onemu, *Physician's Assistant - W. F. Ramsey - I Unit's Medical
Department*; Victoria Williams, *Physician's Assistant - W. F. Ramsey -
I Unit's Medical Department*; University of Texas Medical
Branch Employee(s); Corrections Medical Care; Linda
C. Hone, *Investigator - W. F. Ramsey - I Unit's Medical Department*; J.
Back; Jeania Pegoda, *Access to Courts Program Manager*; Access
to Courts Office,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3006

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20137

Luke Masood Arabzadegan appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint against various prison employees, the University of Texas Medical Branch (UTMB), and Correctional Managed Care (CMC).  We conduct a de novo review of dismissals under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018).  We will not consider any new claims or facts that Arabzadegan raises for the first time on appeal.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

On appeal, Arabzadegan argues that Felicia Onemu and Victoria Williams were deliberately indifferent to the serious medical needs posed by his various medical conditions.  However, he conceded in district court that, in response to his medical requests, Onemu and Williams sent him to specialists for further testing, treated his wounds or conditions, and prescribed him medications.  His disagreement with that medical care and decisions whether to provide additional treatment fail to state a claim for deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  The district court properly dismissed his claims against Onemu and Williams on this basis.

Arabzadegan argues that the district court should not have dismissed his claims against UTMB and CMC because he now contends they were liable in their supervisory capacities.  He has not shown that the district court erred by determining that UTMB and CMC were not proper defendants under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  In any event, we may affirm the district court's dismissal of the claims against UTMB and CMC on the alternative basis that state agencies are protected

2

by Eleventh Amendment immunity. *See Lewis v. UTMB*, 665 F.3d 625, 630 (5th Cir. 2011); *Berry v. Brady*, 192 F.3d 504, 517 (5th Cir. 1999).

As he argued in district court, Arabzadegan contends on appeal that Jeania Pegoda exhibited deliberate indifference by refusing to permit him to use the bathroom during his law library sessions and thereby violated his right of access to the courts. However, because he admitted in district court that he did not have a medical condition that compelled frequent bathroom usage and that Pegoda was aware of the lack of any such medical condition, he cannot show deliberate indifference on this basis. *See Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002). Furthermore, because Arabzadegan failed to identify in district court a nonfrivolous legal claim that was hindered by Pegoda's actions, the district court properly dismissed his access-to-court claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

Arabzadegan also alleges that Back, Pegoda, and unidentified prison employees committed theft and conversion by depositing only part of the money sent to his inmate trust account by others and that they did so in retaliation for exercising his right to access the courts. Although he raised this claim in district court, he did so at a time when he no longer had a right to amend his complaint without leave of court, and he did not explicitly ask for this claim to be added to his complaint. When a pro se litigant attempts to raise new issues before the district court when the litigant no longer has a right to amend his pleadings without leave of court and fails to request such leave, we are not required to consider those issues as properly submitted amendments to the complaint. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Accordingly, we will not consider this claim, which was not properly before the district court.

No. 25-20137

In this court, Arabzadegan has filed numerous motions seeking various forms of relief. Because this case lacks the exceptional circumstances that would justify appointment of counsel in a civil rights action, Arabzadegan's motions for appointment of counsel are DENIED. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). His remaining motions are also DENIED. The district court's judgment is AFFIRMED.