United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 03-40924
Summary Calendar

—————————————

WILLIAM HENRY HARRISON

Plaintiff - Appellant

v.

JB SMITH, Smith County Sheriff, GARY PINKERTON,
Captain, Smith County Jail, SMITH COUNTY TEXAS

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-602
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

William Henry Harrison, Texas prisoner # 07725-078, appeals
the district court's dismissal of his 42 U.S.C. § 1983 action as
frivolous and for failure to state a claim. Harrison argues that
he has adequately stated nonfrivolous claims for unsafe
conditions of confinement, including a malfunctioning cell door
that would not open electronically and, on one occasion, could

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not be opened manually for a four-hour period; inoperative smoke detectors and fire alarms; lack of insect extermination services; and an unhealthy environment created by allowing other prisoners to smoke.  He also contends that 28 U.S.C. § 1915A is unconstitutional because it authorized the district court to review and dismiss his complaint prior to its service on the defendants.  Finally, Harrison asserts that the district court judge should have recused himself from the action due to allegations Harrison made against the judge as a result of his presiding over Harrison's criminal trial.

The district court did not err in determining that Harrison's assertions that the conditions of his confinement violated constitutional standards were frivolous and failed to state a claim for which relief could be granted.  The district court did not err in refusing to allow Harrison to use his objections to the magistrate judge's report and recommendation to further amend his amended complaint.  See United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992).  The vague and speculative conclusion in Harrison's amended complaint that allowing other prisoners to smoke created an unhealthy environment did not sufficiently state a claim for exposure to environmental tobacco smoke.  See Helling v. Montana, 509 U.S. 25, 35-36 (1993).  Harrison's assertion that his cell door had to be opened manually, such that he had to wait to be released each day and, on one occasion, was locked in his cell for over four

hours, does not state a constitutional claim. See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). Finally, his contention that he was confined in unsafe conditions due to the failure of the jail to obtain extermination services for insects and to ensure that the fire and smoke alarm systems were operating properly fails because he has not stated a claim for any compensable injuries. Although Harrison alleges that he suffered physical and psychological injuries from the unsafe conditions, he admits that he did not suffer any insect bites and that no fires occurred while he was housed at the jail. Therefore, the alleged physical injuries necessarily are a manifestation of his psychological reaction to what he perceived to be an unsafe condition. Any deficiencies in the fire alarm or smoke detection systems or the jail's pest-control measures did not physically harm him. Without a prior showing of physical injury, Harrison may not maintain an action for his mental or emotional injuries. 42 U.S.C. § 1997e(e). Likewise, he has not stated a claim sufficient for the award of nominal damages. Cf. Carey v. Piphus, 435 U.S. 247, 266 (1978) (providing that nominal damages could be awarded for the denial of procedural due process). Because Harrison has been moved to another jail, his claims for declaratory and injunctive relief are moot. See Herman, 238 F.3d at 665-66.

Harrison has no constitutional right to bring actions which fail to state a claim or are frivolous. Therefore, his

contention that 28 U.S.C. § 1915A is unconstitutional because it denies his right of access to the courts lacks merit.  See Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir. 1998).

Although Harrison requested the district court clerk to reassign his case to another judge and stated in his objections to the report and recommendation that the magistrate judge should recuse herself, he did not move for the district court judge to recuse himself.  Because Harrison did not properly raise this issue before the district court and has not shown exceptional circumstances requiring this issue to be addressed for the first time on appeal, we do not entertain his untimely recusal challenge.  See Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 2001).

AFFIRMED.