# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2011

No. 10-40183

Lyle W. Cayce
Clerk

JAMES L. GARDNER

Plaintiff-Appellant

v.

WARDEN DAVID HUDSON, Co5 N. BURGESS, WARDEN STEVEN N. RICH, and VICKI S. HARTWICK, Stiles Unit Property Officer

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CV-189

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James L. Gardner, Texas prisoner #1193858, filed this 42 U.S.C. § 1983 action against David Hudson, Warden of the Telford Unit; N. Burgess, property officer of the Telford Unit; Steven N. Rich, Warden of the Stiles Unit; and Vicki S. Hartwick, property officer of the Stiles Unit, for illegally losing or destroying his property. Gardner appeals the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40183

§ 1915A(b)(1) based on the *Parratt/Hudson*[1] doctrine.  The district court determined that his property claim was barred because he had alleged a negligent deprivation of property for which Texas provided an adequate post-deprivation remedy.

Gardner argues that the district court erred in dismissing his property claim as barred by the *Parratt/Hudson* doctrine because his property should have been stored by TDJC officials pursuant to Administrative Directive 03.72 when he was rushed to the hospital.  Gardner alleged in the district court that his property was "lost" because the prison officials failed to follow the prison policy to store, tag, and safeguard his property as required by administrative directive when he was taken from the Telford Unit by ambulance.  He did not allege that his property was confiscated pursuant to prison policy.[2]  His allegations concerning the defendants' actions were exactly the type of random and unauthorized conduct to which the *Parratt/Hudson* doctrine was designed to apply.  *See Allen v. Thomas*, 388 F.3d 147 (5th Cir. 2004).

Citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b), Gardner argues that he was deprived of his opportunity to seek adequate post-deprivation remedies because the prison officials did not return his grievances to him in a timely manner so that he could meet the 31-day filing deadline.  Section 14.005 provides for the exhaustion of prison grievance remedies and requires an inmate to file his claim "before the 31st day after the date the inmate receives the written decision from the grievance system."  § 14.005(b).  "The time for filing

---

[1] *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981) (*overruled in part not relevant here, Daniels v. Williams*, 474 U.S. 327 (1986)); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

[2] In his Objections to the Magistrate's Report, Gardner for the first time claimed that his property was confiscated under the authority of A.D. 03.72.  However, he did not properly raise that claim before the district court, and he has failed to show that the district court abused its discretion by failing to recognize his Objections as a motion to amend his complaint. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Harrison v. Smith*, 83 F.App'x 630 (5th Cir. 2003) (per curiam).

No. 10-40183

suit pursuant to Section 14.005(b) runs from the date the inmate receives the written decision from the grievance system, not the date the Department issues its final decision on the matter." *Mason v. Wood*, 282 S.W.3d 189, 193 (Tex. App. 2009). The alleged delay in returning the grievances to Gardner did not affect his ability to file his claim in state court because the 31 days run from the date the inmate "receives" the decision. *See id.*

Referring to the magistrate judge's restatement of his allegations, Gardner argues that the district court erred in adopting the findings and conclusions of the magistrate judge because that report contains either perjury or direct evidence of ex parte communication between the district court and the defendants. Gardner's accusations of perjury or improper ex parte contact are baseless.

The district court did not err in dismissing Gardner's complaint for failure to state a claim. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Gardner's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Gardner is informed that the dismissal of this appeal as frivolous and the district court's dismissal under 1915A(b)(1) count as two strikes for the purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Gardner is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.