# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2012

Lyle W. Cayce
Clerk

No. 11-10758
Summary Calendar

BENNY FALCON,

Plaintiff-Appellant

v.

TYLER HOLLY, CO III,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-66

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benny Falcon, Texas prisoner # 664986, appeals the district court's order granting summary judgment in favor of Tyler Holly, an officer employed by the psychiatric John T. Montford Unit of the Texas Department of Criminal Justice, in Falcon's 42 U.S.C. § 1983 action in which Falcon alleged that Holly used excessive force against him. Falcon argues that there are genuine issues of material fact concerning the circumstances surrounding the use of force precluding the granting of a motion for summary judgment; that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in finding he did not present any competent summary judgment evidence as his allegations in his verified complaint and other verified pleadings as well as his sworn testimony at the *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) hearing constitute competent summary judgment evidence; and that the district court improperly resolved the disputed issues of material fact and made credibility determinations.

By declaration made under penalty of perjury, Falcon alleged that Holly used excessive force against him without provocation or resistance, causing him to suffer a back injury for which he continues to take pain medication. Viewing Falcon's allegations in his verified pleadings in the light most favorable to Falcon, he has stated a claim for violation of a constitutional right. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The resolution of whether or not Holly used unreasonable force under the circumstances requires factfinding and credibility determinations. *See Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). The district court erred in finding that Falcon did not present any evidence to support his allegations; his verified complaint and other verified pleadings serve as competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). His sworn testimony at the *Spears* hearing was also relevant to the court's summary judgment review. *See Eason v. Holt*, 73 F.3d 600, 602-03 (5th Cir. 1996). Falcon is correct that the district court improperly credited Holly's version of the events; Falcon's credibility is not an issue appropriate for determination on summary judgment. *See Tarver*, 410 F.3d at 753. Considering the evidence in the light most favorable to Falcon, it is not possible to conclude as a matter of law that Holly acted in an objectively reasonable manner, which would entitle him to qualified immunity. *See Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009); *Tarver*, 410 F.3d at 753-54. The district court also erred in denying Falcon's claim in part because he did not show that he suffered more than a de minimis injury. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010) (holding that the

No. 11-10758

"the core judicial inquiry" in excessive force cases was not whether "a certain quantum of injury was sustained" but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." ).  Therefore, the district court erred in granting the motion for summary judgment for Holly on the excessive force claim.  Accordingly, we vacate the summary judgment and remand the claim for further proceedings consistent with this opinion.

Falcon also argues that the district court abused its discretion in denying his motion for appointment of counsel.  Because Falcon has not shown that the case involves exceptional circumstances, the district court did not abuse its discretion in denying his motion for appointment of counsel.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  Because Falcon has not shown that exceptional circumstances warrant the appointment of counsel at this time, his motion for appointment of counsel on appeal is denied.  *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

VACATED AND REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.