# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-40642
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

K Investments, Incorporated,

*Plaintiff—Appellant*,

*versus*

B-Gas Limited, also known as Bepalo LPG Shipping
Limited; B-Gas AS; Bergshav Shipping, Limited;
Bergshav Shipholding AS; Bergshav Shipping AS; B-Gas
Holding, Limited; Atle Bergshaven; LPG Invest AS;
Bergshav Invest AS,

*Defendants—Appellees*,

---

Bahla Beauty, Incorporated,

*Plaintiff—Appellant*,

*versus*

B-Gas Limited, also known as Bepalo LPG Shipping
Limited; B-Gas AS; Bergshav Shipping, Limited;
Bergshav Shipholding AS; Bergshav Shipping AS; B-Gas
Holding, Limited; Atle Bergshaven,

*Defendants—Appellees*,

No. 21-40642

Sikousis Legacy, Incorporated,

*Plaintiff—Appellant*,

*versus*

B-Gas Limited, also known as Bepalo LPG Shipping Limited; B-Gas AS; Bergshav Shipping, Limited; Bergshav Shipholding AS; Bergshav Shipping AS; B-Gas Holding, Limited; Atle Bergshaven,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
Case No: 3:21-CV-16

Before Wiener, Dennis, and Haynes, *Circuit Judges*.
Per Curiam:*

Appellants K Investments, Inc., Sikousis Legacy, Inc., and Bahla Beauty, Inc. (collectively "Plaintiffs") appeal an order of the district court vacating the attachment of the vessel, M/T BERGITTA ("BERGITTA"), owned by Bergshav Shipping AS ("Bergshav Shipping"). For the reasons set forth below, we conclude that the district court did not err in vacating the attachment and AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40642

## A. Background

Plaintiffs, the owners of several liquid petroleum gas carrier vessels, entered into bareboat charter agreements with B-Gas Limited, now known as Bepalo LPG Shipping Ltd. ("Bepalo"). In 2020, Bepalo attempted to negotiate a reduction in charter-hire rates due to financial difficulties brought on by the COVID-19 pandemic. After Plaintiffs refused to negotiate, Bepalo wound up its business and redelivered the vessels to Plaintiffs. Plaintiffs commenced arbitration proceedings against Bepalo for breach of contract.

In the present action, Plaintiffs filed a complaint under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B" of the "Supplemental Admiralty Rules") praying for attachment of the M/T BERGITTA, a vessel. In response to Plaintiffs' invocation of Rule B, the district court issued orders authorizing the process of maritime attachment and garnishment. The US Marshal executed the process and seized the BERGITTA on behalf of each of the Plaintiffs. The BERGITTA is owned by Bergshav Shipping. However, Plaintiffs allege that Bergshav Shipping is the alter ego of Bepalo.

Bergshav Shipping made a restrictive appearance under Rule E(8) of the Supplemental Admiralty Rules and moved to vacate the attachment of the BERGITTA. Bergshav Shipping asserted that vacatur was warranted because Plaintiffs failed to comply with the requirements of Rule B. Its argument relied on two grounds: (1) Plaintiffs failed to institute attachment with a properly verified complaint, as required by Rule B; and (2) Plaintiffs failed to state a prima facie case to support their alter ego theory of liability.

With regards to the first point, Bergshav Shipping argued that Plaintiffs' pleadings were not actually verified as required by Rule B. Plaintiffs attempted to satisfy their Rule B obligation by attaching the verification of Christian Krohn-Hansen, a broker of the Plaintiffs' managing

agents, to their complaints. Krohn-Hansen negotiated the initial bareboat charter agreements and participated in follow-up discussions regarding the agreements. His verification provides the following, in pertinent part:

> Pursuant to 28 U.S.C. § 1746, Christian Krohn-Hansen, declares under the penalty of perjury:
>
> 1. I am an individual of sound mind, and have never been convicted of a crime of moral turpitude.
>
> 2. I am a resident of Athens, Greece and a lawful representative of the Plaintiff in the above action and duly authorized on its behalf to make this verification.
>
> 3. I have read the foregoing Verified Complaint and exhibits thereto in the above captioned action and know the contents thereof; and
>
> I declare under the penalty of perjury that the foregoing is true and correct.

The district court held a hearing on Bergshav Shipping's motion to vacate. At the hearing, Krohn-Hansen testified that he had read the pleadings and attachments, but he agreed that when he signed the verifications, he did not verify the truth of the allegations set forth in the complaints. In light of this testimony and supplemental briefing on the issue, the magistrate judge recommended granting the motion to vacate, and the district court adopted that recommendation. *K Investment, Inc. v. B-Gas Ltd.*, No. 3:21-CV-00016, 2021 WL 3477356, at *4–5 (S.D. Tex. June 4, 2021), *report and recommendation adopted*, 2021 WL 3473502 (S.D. Tex. Aug. 6, 2021). The court determined that a verified complaint is a jurisdictional prerequisite, that Plaintiffs' verifications were insufficient, and that

No. 21-40642

therefore, the court lacked jurisdiction. Thus, the court vacated the attachment and dismissed the complaints. Plaintiffs timely appealed.

## B. Jurisdiction & Standard of Review

The district court had jurisdiction over the case pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. We have jurisdiction over the district court's appealable collateral order. *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A of Ravenna*, 132 F.3d 264, 267 (5th Cir. 1998). In admiralty cases, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *E.A.S.T., Inc. of Stamford, Conn. v. M/V Alaia*, 876 F.2d 1168, 1171 (5th Cir. 1989).

## C. Discussion

Plaintiffs raise three issues on appeal. They argue that the district court erred in (1) concluding that the complaints were not properly verified, (2) dismissing the case for lack of jurisdiction, and (3) failing to allow Plaintiffs the opportunity to amend their verification. We address each issue in turn.

First, Plaintiffs argue that the district court erred in determining that the verification was deficient. The district court concluded that Plaintiffs' pleadings were invalid because they were "not verified in accordance with Rule B." Rule B permits a court to exercise quasi in rem jurisdiction via an order of maritime attachment.[1] *See* FED. R. CIV. P. ADM. SUPP. R. B(1)(a). Maritime attachment serves both to obtain jurisdiction over a defendant through its property and to assure satisfaction of the claim. *See*

---

[1] Rule B states the following in pertinent part: "If a defendant is not found within the district . . . , a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process." FED. R. CIV. P. ADM. SUPP. R. B(1)(a).

No. 21-40642

*Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 244 (5th Cir. 2016).  In order to properly invoke Rule B, a plaintiff must file a verified complaint sufficient to make a prima facie showing that (1) the plaintiff has a maritime claim against the defendant and (2) that the defendant is not present in the district.  *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).

An individual may move to vacate an attachment if it believes the plaintiff failed to satisfy the requirements of Rule B.  *See* Fed. R. Civ. P. Adm. Supp. R. E(4)(f).  Upon a motion to vacate, the plaintiff bears the burden of demonstrating why the attachment should not be vacated.  *See id.*

Rule B expressly requires a verified complaint.  Fed. R. Civ. P. Adm. Supp. R. B (1)(a).  A verified complaint must include a "declaration made under penalty of perjury." *Falcon v. Holly*, 480 F. App'x 325, 326 (5th Cir. 2012) (per curiam).  Facts in a verified complaint must be "within the personal knowledge of the affiant," and the affiant must "be competent to testify" to them.  *Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998), *abrogated on other grounds by Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731 (5th Cir. 2017).  In signing a verified complaint, "the signator must satisfy himself that the averments in the complaint are true, based upon either his own knowledge or upon information and belief." *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1295 (9th Cir. 1997) (internal quotation marks and citations omitted).

In this case, Plaintiffs attempted to comply with Rule B by attaching the Krohn-Hansen verification to each of their respective complaints.  Bergshav Shipping contends that this verification is insufficient because Krohn-Hansen did not affirm the veracity of the facts alleged in each

complaint. In other words, Krohn-Hansen did not affirm that he believed the *factual allegations* in the complaints to be true and correct. Rather, Krohn-Hansen's verification affirms only that he read and understood the contents of the verified complaints. Therefore, per Bergshav Shipping, Plaintiffs' pleadings are deficient because the complaints are not properly verified.

After evaluating the text of the verification, the district court determined that the "statement concerning the penalty of perjury specifically refer[red] to the factual attestations contained in the respective verification" rather than the facts alleged in the verified complaints themselves. Thus, the verification was deficient because it did not verify the factual allegations in the related complaints, as required by Rule B. We agree with the district court's conclusion. Krohn-Hansen's verification does not state that he believed the *facts* alleged in the complaints to be true and correct. Rather, Krohn-Hansen declared "that the foregoing is true and correct." The text preceding "foregoing" is limited to Krohn-Hansen's affirmations regarding his residency, his mental competency, and the fact that he read the complaints and exhibits. Nowhere does Krohn-Hansen affirm the *veracity* of the allegations that Plaintiffs relied on to establish their alter-ego theory of liability, subsequently permitting the attachment of the BERGITTA. As such, the Krohn-Hansen verification fails to satisfy Rule B's verified complaint requirement.

Plaintiffs argue that the district court's interpretation of the verification was an improper "syntactical and grammatical analysis of the text of the respective verification," and they maintain that Krohn-Hansen had, in fact, affirmed the veracity of the allegations in the complaints. However, this determination was not solely based on a "syntactical" or "grammatical" analysis of Krohn-Hansen's statement; rather any doubts about whether Krohn-Hansen had or had not verified the allegations were resolved at the hearing on the motion to vacate. At the hearing, Krohn-

Hansen testified that he "did not verify the truth of the allegations set forth in the verified Complaint"; instead, he merely "read the verified Complaint and the exhibits." Without such affirmation, the complaints were not properly verified. As such, we hold that the district court did not err in concluding that Plaintiffs failed to comply with Rule B. The district court's analysis and Krohn-Hansen's testimony confirm this conclusion.

The next issue, then, is whether Plaintiffs' failure to satisfy Rule B deprived the court of jurisdiction. The district court determined that the filing of a verified complaint was a jurisdictional prerequisite; because Plaintiffs failed to satisfy that requirement, the district court could not obtain proper jurisdiction over the BERGITTA. Therefore, the court vacated the attachment and dismissed the suit. Plaintiffs contend that "[v]erification of the complaint is a formal claim-processing requirement, but not a jurisdictional prerequisite," and thus this dismissal was erroneous.

We recognize that the Supreme Court has cautioned against the mischaracterization of claim-processing rules as jurisdictional rules. *See, e.g.*, *Hamer v. Neighborhood Hous. Servs. of Chic.*, 138 S.Ct. 13, 17 (2017); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In many cases, the distinction between what is merely a claim-processing rule and what is a jurisdictional prerequisite is critical: courts are "oblig[ated] to notice jurisdictional issues and raise them on their own initiative." *Hamer*, 138 S.Ct. at 17. On the other hand, claim-processing rules can be waived or forfeited if not raised by the parties.[2]    *See id.* Nevertheless, the Supreme

---

[2] Accordingly, the reasoning for the Court's cautionary warning is straightforward: treating claims processing rules as jurisdictional can "result in the waste of judicial resources and may unfairly prejudice litigants." *Shinseki*, 562 U.S. at 434. Thus, "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity." *Id.* at 435.

Court has been clear that "[i]f properly invoked, mandatory claim-processing rules must be enforced" and thus provide relief to the party who properly raised the issue. *Id.* at 18.

It is unsettled in this circuit whether Rule B's verified complaint requirement is a claim-processing rule or a jurisdictional mandate. In an analogous context, we have concluded that "the filing of a verified complaint" is a "prerequisite to obtaining *in rem* jurisdiction." *Pizani v. M/V Cotton Blossom*, 669 F.2d 1084, 1090 (5th Cir. 1982) (discussing FED. R. CIV. P. ADM. SUPP. R. C(2) ("Rule C")). In *Pizani*, the plaintiff sought attachment of a vessel under Rule C. 669 F.2d at 1090. However, the plaintiff's complaint was not verified, service was not perfected, and the service instructions did not request that in rem process issue. *Id.* Based on these failures to comply with the plain requirements of Rule C, we determined that the district court lacked jurisdiction and reversed the in rem judgment against the vessel. *Id.*

Analogizing to our reasoning in *Pizani*, the district court determined that there was "no difference warranting two distinct jurisdictional inquiries" between Rule B and Rule C. Like Rule C, Rule B requires a verified complaint to initiate proceedings. *Compare* FED. R. CIV. P. ADM. SUPP. R. C(2) ("In an action in rem the complaint must . . . be verified . . . ."), *with* FED. R. CIV. P. ADM. SUPP. R. B(1)(a) ("[A] verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property"). Accordingly, the district court found no substantive differences between the two Supplemental Admiralty Rules that warranted a different outcome.

Ultimately, here we need not reach the issue of whether the verified complaint requirement under Rule B is a jurisdictional rule. Even if we determined that Rule B was merely a mandatory claim-processing obligation,

Bergshav Shipping "properly invoked" Rule B. Bergshav Shipping raised the issue via a timely motion to vacate, and therefore it "must be enforced." *Frew v. Young*, 992 F.3d 391, 396 n.3 (5th Cir. 2021) (quoting *Hamer*, 138 S.Ct. at 17). Because Bergshav Shipping raised the verified pleading issue in the district court and on appeal, "it remains mandatory even if not jurisdictional." *Id.* As such, regardless of whether Rule B is jurisdictional or procedural, we hold that the district court did not err in dismissing the action.

The final issue then is whether the district court should have permitted Plaintiffs to cure their verification by amendment. Plaintiffs objected to the magistrate judge's memorandum and recommendation, arguing that they could cure the defective verification via a supplementary verification under Federal Rule of Civil Procedure 15.

At the outset, we note that Plaintiffs never filed a formal motion to amend their verification. At the hearing on the motion to vacate, the magistrate judge requested briefing on whether the inadequate verification was "a jurisdictional bar up front" or whether it could be amended. In response to this request, Bergshav Shipping briefed the issue, insisting that the verification could not be cured due to the time-of-filing rule and futility. Plaintiffs did not respond to Bergshav Shipping's arguments or otherwise comply with the magistrate judge's request for briefing on the issue of amendment. As such, the memorandum and recommendation does not make any findings or include a recommendation as to whether the verification could be amended. Rather, Plaintiffs waited until the magistrate judge had issued its memorandum and recommendation to raise the issue of amendment *for the first time*. Plaintiffs—in one paragraph of their seventeen-

page objections—first make an argument styled under Federal Rule of Civil Procedure 15 requesting leave to amend.

It is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court and therefore cannot be raised on appeal. *See Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (concluding that issues first argued in "objections to the magistrate judge's findings" were "not properly before the district court" and refusing to address them); *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003) (per curiam) (rejecting attempt to raise new issue in objections to report and recommendation). As such, we reject Plaintiffs' untimely attempt to request leave to amend and deem the issue duly waived.

AFFIRMED.